(68 South. 734)

No. 20184.

## LANCASTER v. HANSBROUGH.

(May 10, 1915. Rehearing Denied June 7, 1915.)

*(Syllabus by the Court.)*

EXECUTION ☞172 — INJUNCTION — PARTIAL PAYMENT—BURDEN OF PROOF.

Where a defendant in an executory proceeding sues out an injunction on a plea of partial payment, the burden is upon him to prove his allegation.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. ☞172.]

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; A. D. Schwartz, Judge ad hoc.

Action by W. B. Lancaster against Peter H. Hansbrough. From judgment for defendant, plaintiff appeals. Affirmed.

Benj. M. Miller and Arthur L. Bear, both of Covington, for appellant. Harvey E. Ellis and Walter A. White, both of Covington, for appellee.

SOMMERVILLE, J. The original proceeding was an executory process sued out by P. H. Hansbrough against W. B. Lancaster on a mortgage note for $2,000, which represented part of the consideration of certain squares of ground in the town of Mandeville, La., which were sold by Hansbrough to Lancaster, August 9, 1911, and where a special mortgage had been retained in the act of sale to secure the notes given for the credit part of the purchase price. The total price was $3,500; $200 of which was paid in cash, and the balance was represented by two promissory notes, one for $1,500, payable in 6 months, and the other for $2,000, payable in 12 months. The $1,500 note was paid; the $2,000 note proceeded upon had been paid in part, and there was a balance due thereon of $1,655.95, with interest, attorney fees and costs. Prior to the filing of the executory proceeding, Lancaster tendered to Hansbrough $1,171.40 in full settlement of the balance due. This tender was refused.

In this suit, Lancaster has enjoined Hansbrough and the sheriff from selling the property seized and advertised to be sold under the writ of seizure and sale, on the ground that he paid $500 on account of said note, April 10, 1912; and he asks for judgment

against Hansbrough for a large sum in damages.

There was judgment in favor of defendant dissolving the injunction, rejecting plaintiff's demand for damages, and awarding a judgment in favor of defendant and against plaintiff in the sum of $100 for attorney's fees, with costs of court. Plaintiff has appealed. Defendant has answered the appeal and asked for an increase in the award of damages, but the judgment will not be amended.

The allegation of plaintiff that he paid, April 10, 1912, $500 on account of the $2,000 note is based upon the fact that on said date he left in the hands of Mr. Vix, the cashier of the St. Tammany Banking & Savings Bank, located in Mandeville, La., an undated and uncertified check, drawn by him on the Teutonia Bank of New Orleans, for $500, payable to the order of P. H. Hansbrough, to be applied to the note then due, and held by Mr. Vix for collection for account of Mr. Hansbrough.

Mr. Hansbrough testifies that the note for $1,500, then past due, had been placed with Mr. Vix for the accommodation of Mr. Lancaster, who resides in New Orleans, and who made frequent visits to Mandeville; while Mr. Vix testifies that the note was left with him for the mutual accommodation of both parties. The evidence shows that Mr. Vix had held both notes for collection at different times, and that Mr. Lancaster had made several payments to him on said notes, two of which payments had been by checks on the Teutonia Bank of New Orleans. He further testifies that he was without authority to indorse said checks for deposit or collection, and that he held same until Mr. Hansbrough came to the Mandeville Bank and indorsed them, when he forwarded them to the bank's correspondent in New Orleans, the Interstate Trust & Banking Company, for collection; that he proceeded in this way

137 LA.—13

with the check referred to which was received by him on Wednesday, April 10, 1912, and indorsed by Mr. Hansbrough, on the latter's return to Mandeville, Friday, April 12, and that it was forwarded to the Interstate Bank on that same day; that the latter bank received it on Saturday, the 13th inst., and sent it to the New Orleans Clearing House for collection; that Saturday being a half holiday, and Sunday a full holiday, the check could not be presented on either of those days, and not on Monday, the 15th inst., for the reason that the Teutonia Bank was in the hands of the state bank examiner on that day, April 15, 1912. The evidence further shows that the check was immediately returned by mail to the Mandeville bank, and handed to Mr. Hansbrough, who in turn, immediately forwarded it by mail to Mr. Lancaster, who received same and was in possession of it on the trial of this suit, when it was offered by him in evidence.

In thus proceeding, Mr. Vix followed the custom of out of town banks in forwarding for collection uncertified checks, deposited with them on city banks, and in crediting the amount to the account of the depositor, or on the note, after the collection was actually made.

The check was intended as a partial payment on the $1,500 note of plaintiff, which was then due, and which has since been fully paid by him. It was the only note in the hands of Mr. Vix for collection at that time. Beyond this, plaintiff has made payments on the $2,000 note now in litigation. Plaintiff's plea of payment of $500 on the $2,000 note involved herein therefore fails. He did not even attempt to make a partial payment on that note with the check in question. He cannot be heard now to contend that the attempted payment of $500 on another note which was then past due, since February 9, 1912, was intended as a partial payment on a note not then matured. The $2,000 note fell

due on August 9, 1912, and it was then placed in the hands of Mr. Vix for collection.

Plaintiff's position is untenable. Aside from all this, the check which was given by Lancaster as a payment on the $1,500 note was returned to him, and he received it without protest. He continued to make payments to Hansbrough, and sought to transact other business with him, as is shown by the correspondence in the record; and he made no claim then to a credit or payment of $500 until about the time that the executory proceeding was filed, nearly a year afterwards.

After the $500 check had been returned to and accepted by Mr. Lancaster, he asked for and obtained time from Mr. Hansbrough in which to pay the balance due on the $1,500 note. That request was made about April 22, 1912.

The only previous reference by Mr. Lancaster to the returned check was about the middle of April, 1912, when he said to Mr. Hansbrough: "I ought to make you pay that" check. But Mr. Hansbrough did not agree to do so.

Mr. Lancaster obtained extensions from Mr. Hansbrough on both notes because of his loss on account of the failure of the Teutonia bank. He always treated the $500 check which figures in this cause as his own, representing a portion of his loss in that bank. And, when a dividend was paid depositors by the receiver of the Teutonia bank he accepted it without notice to the receiver or to Mr. Hansbrough, or by crediting the latter with any portion of the dividend received by him.

There was no partial payment of $500 on April 10, 1912, on the note of $2,000 proceeded upon, and the injunction was properly dissolved.

Judgment affirmed.

O'NIELL, J., is of the opinion the appeal should be dismissed for want of jurisdiction.